STATE v. HENRY CLAY CRAWFORD.

(Filed 15 April, 1964.)

**Criminal Law § 108—**

> Where the court states fully the State's contentions but fails to state the contention of the defendant that the evidence completely failed to show the intent constituting an essential element of the offense charged, a new trial must be ordered.

APPEAL by defendant from *Bickett, J.,* 1 September 1963 Criminal Session of WAKE.

STATE v. CRAWFORD.

Criminal prosecution on an indictment charging defendant with a felonious breaking and entry with intent to commit larceny, a violation of G.S. 14-54.

Plea: Not guilty. Verdict: Guilty of the felony of breaking and entry.

From a judgment of imprisonment for ten years, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*
*Jacob W. Todd for defendant appellant.*

PER CURIAM. Defendant assigns as error the failure of the trial judge to comply with the provisions of G.S. 1-180, in that after stating fully the contentions of the State, he failed to give equal stress to the contentions of defendant, and particularly to his contention that the State's evidence did not show any felonious intent to commit larceny.

The State introduced evidence; defendant introduced no evidence. This is a brief summary of plaintiff's evidence: Mr. and Mrs. Harold Duke own and operate in Raleigh a combination service station, grocery store, and residence. They live in the residence section. Between 10:00 and 10:30 p.m. on 6 July 1963 defendant was seen in the store and residence. Defendant was also seen hanging on a fence on or near the premises as though he were sick or drunk, and a witness called the police. Mrs. Duke testified on cross-examination she thought defendant was a drunken person who got in the house. Panes of glass on the premises 10 by 13 inches in size were broken. Defendant stated to a police officer that someone let him in; later he said he knew nothing about being at the Dukes' home. On cross-examination the officer testified defendant might have been drinking, and that he was crying. Defendant had no property of the Dukes in his possession when arrested at the scene.

The court stated fully the contentions of the State; the court stated no contentions of defendant. Such a charge does not meet the requirement of G.S. 1-180 as interpreted and applied in our decisions. *S. v. King*, 256 N.C. 236, 123 S.E. 2d 486. Certainly, the failure of the court to state the contention of defendant that the State's evidence completely failed to show that he had a felonious intent to commit larceny was highly prejudicial to defendant. The Attorney General, with his usual fairness, concedes error.

The indictment charges the building was occupied by Harold Duke and the contents therein were his. The evidence seems to show that the building was occupied by Mr. and Mrs. Harold Duke, and that they

owned the contents therein. Defendant's counsel made no motion for judgment of involuntary nonsuit.

For error in the charge, defendant is entitled to a

New trial.