STATE OF NORTH CAROLINA v. LEE MAXWELL HEWETT, JR.

No. 8

(Filed 17 October 1978)

**Criminal Law § 118.1— charge on contentions of State—failure to state defendant's contentions**

Prejudicial error is committed when the trial judge in his charge to the jury in a criminal case gives the contentions of the State but fails to give any contentions of the defendant.

THE State appeals from the unpublished decision of the Court of Appeals awarding defendant a new trial upon defendant's appeal from judgment of *Bailey, J.,* March 1977 Criminal Session, BRUNSWICK Superior Court.

In two cases, consolidated for trial, defendant was convicted of maiming and disfiguring Ronnie Gross and Shean Gross, ages five and three respectively, by scalding and disfiguring the legs, feet and toes of each child.

State v. Hewett

The State's evidence tends to show that Sharon Hewett was the mother of three children by a previous marriage, including the two victims here. On 28 May 1976 she and her husband, Lee Maxwell Hewett, Jr., and the children, were living in Brunswick County, North Carolina, with defendant's mother. On that date Ronnie and Shean Gross were severely burned by scalding water, each sustaining second and third degree burns around their genitals, thighs and buttocks. As a result several toes on Shean's foot had to be amputated. Both children required extensive hospitalization.

Ronnie Gross and his mother Sharon Hewett both testified that defendant forcibly held the two children in the bathtub containing scalding water and ignored their screams until Sharon Hewett and defendant's mother intervened.

Defendant testified that he had seen the two children get in the bathtub from time to time, turn on the water and wash themselves; that the tub had glass doors around it with a handle "which you can open from the inside and if the doors were closed the only way you could open it would be from the outside and if you tried to open it from the inside the door would fall off the rollers." Defendant further testified that on 28 May 1976 he first saw the children in the hot water when his mother, Charlotte Hewett, yelled for him and he entered the bathroom, broke the glass out of the doors on the bathtub, grabbed the youngest child out of the tub and gave him to Charlotte Hewett, and then grabbed the oldest child and took him to the bedroom. Defendant denied that he turned on the hot water or that he ever held the children in the tub of hot water. He admitted on cross-examination that he had been convicted of robbery, assault, destroying personal property, and escape.

The testimony of defendant's mother, Charlotte Hewett, in large measure corroborates defendant's testimony.

The jury found defendant guilty as charged in each case and he was sentenced to consecutive terms of "not less than 10 years in the custody of the Commissioner of the Department of Correction." Defendant appealed to the Court of Appeals and that court awarded a new trial for failure of the trial judge in his charge to state any contentions of the defendant after fully stating the con-

tentions of the State. Judge Mitchell dissented and the State appealed as of right to the Supreme Court.

*Rufus L. Edmisten, Attorney General, by Christopher S. Crosby, Associate Attorney, for the State, appellant.*

*D. F. McGougan, Jr., attorney for defendant appellee.*

HUSKINS, Justice.

This appeal turns on answer to the following question: Is prejudicial error committed when the trial judge in his charge to the jury in a criminal case gives the contentions of the State but fails to give any contentions of defendant? The answer is yes.

It is the general rule that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970); *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968); *State v. Butler,* 269 N.C. 733, 153 S.E. 2d 477 (1967). The rule is otherwise, however, where the trial judge in his charge states fully the contentions of the State but fails to give *any* contentions of the defendant. In that event the party whose contentions have been omitted is not required to object or otherwise bring the omission to the attention of the trial court. *State v. Crawford,* 261 N.C. 658, 135 S.E. 2d 652 (1964); *State v. King,* 256 N.C. 236, 123 S.E. 2d 486 (1962).

G.S. 1-180 requires the trial judge (1) to declare and explain the law arising on the evidence in the case, (2) to state the evidence to the extent necessary to explain the application of the law thereto, *Sugg v. Baker,* 258 N.C. 333, 128 S.E. 2d 595 (1962); *State v. Fleming,* 202 N.C. 512, 163 S.E. 453 (1932), and (3) to give equal stress to the State and defendant in a criminal action.

This statute creates a substantial legal right, *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332 (1953); its provisions are mandatory; and a failure to comply with them is prejudicial error for which a new trial must be ordered. *Therrell v. Freeman,* 256 N.C. 552, 124 S.E. 2d 522 (1962); *State v. Jones,* 254 N.C. 450, 119 S.E. 2d 213 (1961); *Godwin v. Hinnant,* 250 N.C. 328, 108 S.E. 2d 658 (1959).

The trial judge is not required by G.S. 1-180 to state the *contentions* of litigants, *State v. Dietz,* 289 N.C. 488, 223 S.E. 2d 357 (1976), although the practice has developed in our courts as a helpful and accepted procedure and as a convenient method of presenting to the jury the matters at issue. *Trust Co. v. Insurance Co.,* 204 N.C. 282, 167 S.E. 854 (1933). Therefore, failure to state the contentions of the parties is not error, but failure to give equal stress to the State and defendant in a criminal action is error. So, when the judge states the contentions of one party he must also give the pertinent contentions of the opposing party. Many decisions of this Court are to like effect including *State v. Crawford, supra; State v. King, supra; State v. Kluckhohn,* 243 N.C. 306, 90 S.E. 2d 768 (1956); *State v. Robbins,* 243 N.C. 161, 90 S.E. 2d 322 (1955); *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196 (1954); *In re Will of West,* 227 N.C. 204, 41 S.E. 2d 838 (1947); *State v. Colson,* 222 N.C. 28, 21 S.E. 2d 808 (1942). Obviously equal stress is absent when the contentions of the State are fully stated and the contentions of the defendant are not stated at all. This requires a new trial.

It should be noted that G.S. 1-180 has been repealed by Chapter 711, section 33, of the 1977 Session Laws, effective 1 July 1978. However, in lieu thereof the General Assembly enacted 15A-1222 and 15A-1232. G.S. 15A-1222 prohibits expression of opinion by the judge in the presence of the jury at any stage of the trial on any question of fact to be decided by the jury. G.S. 15A-1232 reads as follows: "In instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence. He must not express an opinion whether a fact has been proved." While this section restates the substance of G.S. 1-180 it will be observed that the language requiring the judge to "give equal stress to the State and defendant in a criminal action" has been omitted. Even so, the Official Commentary explains the omission as follows: "The Commission found to be unnecessary the proviso in G.S. 1-180 requiring the judge to 'give equal stress to the State and defendant in a criminal action' because this is a duty imposed on the judge by general requirements of fairness to the parties; it is not necessary that it be explicitly stated." Thus what was

heretofore explicit is now implicit and the law remains essentially unchanged.

For the reasons stated, the decision of the Court of Appeals awarding defendant a new trial is

Affirmed.