STATE OF NORTH CAROLINA v. WILLIAM EARL SANDERS

No. 27

(Filed 6 November 1979)

1. **Criminal Law § 162— objection—refusal of permission to state ground—error not prejudicial**

    The trial judge erred in denying defense counsel the right to state specific grounds for her objections, but such error was harmless since counsel was permitted to argue specific grounds on appeal.

2. **Criminal Law § 33.2— confrontation between defendant and officer—no evidence of character—evidence admissible**

    The trial court did not err in admitting evidence of a confrontation between defendant and a police officer which occurred just prior to defendant's arrest, and there was no merit to defendant's contention that such evidence amounted to evidence of his bad character and was therefore inadmissible as he did not testify or otherwise put his character in issue, since the evidence of the confrontation was competent to show the relations between the parties and intent and malice on the part of defendant.

3. **Criminal Law § 85— evidence of defendant's condition at time of arrest—no reflection on character**

    Testimony by a police officer that defendant was glassy eyed and had a faint odor of alcohol on his breath at the time of his arrest was not inadmissi-

ble as tending to impeach his character when his character had not been placed in issue but was admissible as a circumstance surrounding his arrest which took place a short time prior to the killing with which he was charged.

4. **Criminal Law § 134.2— no sentencing hearing held—defendant not prejudiced**

Defendant was not prejudiced by the trial judge's failure to conduct a sentencing hearing inasmuch as defense counsel conceded in oral argument that she had no further evidence to submit at the hearing.

5. **Criminal Law § 113.1— failure to summarize evidence favorable to defendant — defendant's objection not waived**

The trial court erred in recapitulating fully the State's evidence but failing to summarize at all evidence favorable to defendant, including evidence of defendant's prior statement to police officers and evidence elicited on cross-examination, and defendant did not waive his right to challenge the instructions by his failure to object at trial.

Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by defendant from *Seay, J.,* 4 December 1978 Session of CUMBERLAND Superior Court.

Defendant was charged in separate indictments, proper in form, with the first degree murder of Robert Bruce Lambert and with assault with a deadly weapon with intent to kill inflicting serious bodily injury upon Charles William Terry. Defendant entered a plea of not guilty to each charge.

This is the second time this case has been before us. In the first trial, we found prejudicial error and granted defendant a new trial. *State v. Sanders,* 295 N.C. 361, 245 S.E. 2d 674 (1978). The facts of the case are set out in more detail in that opinion.

In brief summary, the State's evidence tended to show:

On 16 October 1976 defendant was illegally arrested as he walked down a street in Fayetteville, North Carolina. Officers R. R. Porter and W. L. Alsup of the Fayetteville Police and military policemen Charles W. Terry and Willard H. Barber were present at the time of the arrest. Pursuant to the arrest, defendant was taken into custody, searched, and transported to the Law Enforcement Center. At the Center, he was placed in a holding cell in the booking room. While confined in the cell, defendant exchanged words with the officers in charge. Shortly thereafter, two military officers, Sergeant Terry and the deceased, Sergeant

Lambert, entered the holding cell for the purpose of handcuffing defendant. Defendant motioned to the officers and told them to come on, that he had something for them. As the officers entered the cell and moved toward defendant, he backed towards a corner of the cell in the area of the toilet. Upon reaching the toilet area, defendant swung at Sergeant Lambert. Sergeant Terry delivered a karate kick to defendant's stomach. At that point, defendant produced a knife and began to stab Terry about the arms and back. He then stabbed Lambert in the abdomen, back, and lower chest. There was expert medical testimony that Lambert died as a result of the stab wound in his back.

Defendant presented no evidence, and the jury returned a verdict of guilty of murder in the second degree and a verdict of guilty of assault with a deadly weapon inflicting serious bodily injury. Judgment was entered imposing a life sentence upon the verdict of guilty of second degree murder and imposing a consecutive sentence of ten years upon the verdict of guilty of assault with a deadly weapon inflicting serious bodily injury. Defendant appealed the murder conviction pursuant to G.S. 7A-27(a). We allowed defendant's motion pursuant to G.S. 7A-31(a) for certification to this Court before determination in the Court of Appeals on the assault charge.

*Rufus L. Edmisten, Attorney General, by T. Buie Costen, Special Deputy Attorney General and Nonnie F. Midgette, Assistant Attorney General, for the State.*

*Mary Ann Tally, Public Defender, for defendant appellant.*

BRANCH, Chief Justice.

Defendant brings forward twenty-two assignments of error. The assignments of error not herein discussed either do not warrant consideration or are unlikely to recur at the next trial.

[1] Defendant asserts in his third assignment of error that the trial judge erred in denying defendant the right to state specific grounds for his objections. We agree.

The trial judge instructed defense counsel not to give specific grounds for her objections unless he asked for them. As a result, counsel had no choice but to rely on general objections throughout the trial. It is well settled that a general objection which is

overruled is no good if there is any purpose whatsoever for which the evidence could have been admitted. *See State v. Dawson,* 278 N.C. 351, 180 S.E. 2d 140 (1971); 1 Stansbury's N.C. Evidence § 27 (Brandis rev. 1973). The effect of the trial judge's actions was to prevent defense counsel from "making her record" and properly preserving her objections for effective review. It is the duty and the right of counsel to make and preserve objections on behalf of clients, and the better practice is for a trial judge not to circumvent that right. *See State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971). We are of the opinion that the judge's ruling in this case was erroneous; however, we hold that it was harmless error, and particularly so since counsel was permitted to argue specific grounds on appeal.

[2] Defendant's fourth assignment of error relates to the admission of evidence of a confrontation between defendant and a Fayetteville police officer which occurred just prior to defendant's arrest. Officer R. R. Porter testified that on 16 October 1976 at about 8:30 p.m. he observed defendant, just inside a local bar, arguing with one of the bar's employees. Officer Porter approached defendant and asked him to leave the area. As defendant left, Officer Porter proceeded to talk with another police officer, W. L. Alsup, concerning defendant. Within minutes, Officer Alsup and two military policemen arrested defendant.

Defendant contends that this evidence amounted to evidence of his bad character and was, therefore, not admissible since he did not testify or otherwise put his character in issue. The evidence of defendant's confrontation with Officer Porter just prior to defendant's arrest was competent to show the relations between the parties, and intent and malice on the part of defendant. *See State v. Ray,* 212 N.C. 725, 194 S.E. 482 (1938); *State v. Miller,* 189 N.C. 695, 128 S.E. 1 (1925). We hold that the questioned evidence is relevant and admissible as a circumstance inextricably tied to the arrest and fatal incident on 16 October 1976.

[3] Defendant also challenges the admission of testimony describing his appearance at the time of the arrest. Officer W. L. Alsup testified that when he first encountered defendant and asked for his identification, defendant's eyes were glassy, and he had a faint odor of alcohol on his breath.

Defendant again contends that this evidence tended to impeach his character and was inadmissible since he did not testify or otherwise place his character in issue. The challenged description, however, was a circumstance surrounding the defendant's arrest which occurred a short time prior to the killing. It was relevant and admissible because it tended to shed some light on defendant's conduct and motives at the time of the fatal stabbing. *See State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423 (1973).

[4] Defendant contends in Assignment of Error No. 22 that the trial judge erred in failing to conduct a sentencing hearing. Section 15A-1334(a) of the General Statutes states that "[u]nless the defendant waives the hearing, the court must hold a hearing on the sentence." According to the record in this case, after the jury returned with its verdict, the trial judge asked if counsel were ready for the sentencing hearing. The judge then proceeded to sentence defendant without conducting the hearing as required by statute. Inasmuch as defense counsel has conceded in oral argument that she had no further evidence to submit at the hearing, it is obvious the defendant was not prejudiced by the trial judge's failure to conduct the hearing.

[5] Finally, defendant's most serious contention is that the trial judge failed to state the evidence and apply the law to the facts as required by G.S. 15A-1232. The challenged portion of the charge reads as follows:

Now, in this case the State of North Carolina has offered evidence which in substance tends to show that on October 16, 1976, William Earl Sanders had been arrested, that the arrest was an illegal arrest and he had been taken pursuant to that illegal arrest to the Law Enforcement Center and placed in the booking room and into the holding cell; that an altercation followed, that two military officers, one Lambert and the other Terry, opened the door, entered into the holding room, that the defendant motioned them to come in, used language telling them that he had something for them, that he was going to get them and making other threats and that as they came in the defendant backed into the area of the toilet that had a partition separating it from the holding cell and that he used a knife which has been received into evidence as State's Exhibit No. 2 and cut Charles W. Terry

about his arm and his back and that he cut Robert Bruce Lambert around his abdomen and lower chest area and back and that Sgt. Robert Bruce Lambert died as a result of one of the stab wounds to his back; that Sgt. Charles W. Terry was taken to the hospital and remained in the hospital for some time.

Now, that is what some of the evidence — oh, further, members of the jury, the State has offered evidence that on a previous occasion, that is, on September 30, 1976 the defendant, William E. Sanders, had threatened to kill Robert Bruce Lambert, the deceased in this matter.

Now, that's what some of the evidence for the State tends to show. What it does show, if anything, is for you to say and determine as the court did not attempt to recapitulate or summarize all the evidence in the case as it is your duty to remember the evidence and all of it and be governed solely and entirely by your own recollection of the evidence in this case.

In this matter the defendant, William E. Sanders, has not testified and the law of the State of North Carolina gives him this privilege. This same law assures him his decision not to testify creates no presumption against him. Therefore, you must be very careful and not let his silence influence your decision in any way.

This constitutes DEFENDANT'S EXCEPTION NO. 59.

Although defendant offered no evidence at the conclusion of the State's case, there was certain evidence brought out on cross-examination which tended to exculpate defendant. Furthermore, the evidence of the State itself tended to raise inferences favorable to defendant. For example, State's witness Detective Bob Conerly read into evidence a voluntary statement made by defendant to police officers which included the following:

The cops called me back and I went back to them. One of the cops grabbed me by the collar and told me that I was not allowed to walk down the street any more. I asked him why I was not allowed to walk down the street. He said because I said so. I looked him dead in the face. I wanted to call him a white son-of-a-bitch and a few other choice words but I did

not. The cop grabbed me in the collar again and I was put in the police car. I had cuffs on. They were behind me. They searched me before I was put in the car. I don't know if it was a uniformed car or not. There was at least one uniformed officer in the car. I was brought to the police station.

I asked what were the charges against me. They told me that there were no charges. I asked how long I would have to stay and they said two hours. I was put in the holding cell cuffed from behind. I kicked my shoes off and I stepped through my arms pulling the cuffs in front of me. I walked to the cell door and said, "Hey officer" in a loud voice, you want to take these things off of me. He said sit down nigger. This was an officer in a blue uniform. I said who are you calling a nigger, sucker at this a sergeant MP came over. I remember him from before. I asked him if he remembered me. I told him that I was the one that got kicked in the butt. The sergeant MP then said that he did remember me.

I asked him what was the matter with that fat cat. He did not say anything. I started yelling at the fat guy. I was cursing. Someone came to the cell bar. I put my hands through the bars and the cuffs were removed. A group of officers came up to the cell door and unlocked it. They started cursing and talking trash. They came into the cell and I started cursing back at them. I said you punk ass mother fuckers are going to move on me, right. They kept coming and I moved back. The cuffs were off at this time. I had backed into the corner. This was the bathroom area. One of the blue uniformed officers, a white guy, kicked me in my stomach. I fell to the floor. I saw a knife on the floor and picked it up.

The officers were hovering over me kicking and talking much trash. I reached up and grabbed one of them and pulled him to me and stuck him and stuck him. I was just swinging the knife. I think two got cut. The knife was a hunting knife. It could not be closed. It also had a pouch.

Under the clear mandate of G.S. 15A-1232, the trial judge "must declare and explain the law arising on the evidence." As we noted in State v. Hewett, 295 N.C. 640, 247 S.E. 2d 886 (1978), G.S. 15A-1232 restates in substance former G.S. 1-180 which by its

terms explicitly required the judge (1) to declare and explain the law arising on the evidence in the case, (2) to state the evidence to the extent necessary to explain the application of the law thereto, and (3) to give equal stress to the State and defendant in a criminal action. While the wording of the new G.S. 15A-1232 is not identical with that of the former statute, we held in *Hewett* that "the law remains essentially unchanged." *State v. Hewett, supra.*

Ordinarily, the trial judge is not required to recapitulate all of the evidence, and he complies with the statute by presenting the principal features of the evidence relied on by the prosecution and by the defense. *State v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58, *cert. denied,* 371 U.S. 921, 9 L.Ed. 2d 230, 83 S.Ct. 288 (1962). Furthermore, it is not error for the court merely to consume more time in summarizing the State's evidence than it does in restating the evidence for the defendant. *State v. Jessup,* 219 N.C. 620, 14 S.E. 2d 668 (1941); *State v. Cureton,* 218 N.C. 491, 11 S.E. 2d 469 (1940). However, when the court recapitulates fully the evidence of the State but fails to summarize, at all, evidence favorable to the defendant, he violates the clear mandate of the statute which requires the trial judge to state the evidence to the extent necessary to explain the application of the law thereto. In addition, he violates the requirement that equal stress be given to the State and to the defendant. In the instant case, the trial judge failed to summarize evidence which raised inferences favorable to defendant including evidence of defendant's prior statement to police officers and evidence elicited on cross-examination. We hold that this omission constitutes error prejudicial to defendant.

Even so, the State contends that defendant has waived his right to challenge the instructions by his failure to object at trial. In *State v. Hewett, supra,* however, this Court noted the following regarding the necessity to object at trial to error in the charge:

It is the general rule that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires so as to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal. (Citations omitted.) The rule is otherwise, however,

---

**Burgess v. Brewing Co.**

---

where the trial judge in his charge states fully the contentions of the State but fails to give any contentions of the defendant. In that event the party whose contentions have been omitted is not required to object or otherwise bring the omission to the attention of the trial court. (Citations omitted.)

The rationale of this rule should apply with equal force when in his instructions the trial judge states the evidence favorable to the State and applies the law to that evidence but fails to state any of the evidence favorable to defendant to the extent necessary to explain the application of the law thereto. We so hold.

We note in passing that the trial judge's instructions did not meet the requirement of G.S. 15A-1232 as related to heat of passion and provocation in his charge on voluntary manslaughter. Neither did he comply with this statute in his charge on self-defense.

For reasons stated in this opinion, defendant is entitled to a

New trial.

Justice BROCK did not participate in the consideration or decision of this case.