STATE OF NORTH CAROLINA v. CHARLES JAMES MITCHELL

No. 8012SC250

(Filed 16 September 1980)

1. **Criminal Law § 117.3– scrutiny of eyewitness testimony — absence of more elaborate instruction — necessity for request**

   The trial court did not err in failing to give the jury a more elaborate instruction concerning the scrutiny to be accorded eyewitness testimony where defendant failed to request special instructions on this point.

2. **Criminal Law § 113.1– instructions — failure to summarize evidence elicited on cross-examination**

   The trial court in a robbery prosecution did not err in failing to summarize evidence defendant elicited on cross-examination of the State's witnesses where defendant elicited no favorable evidence raising inferences of any defense or mitigating circumstances but merely attempted and failed to establish discrepancies between the victim's testimony at the preliminary hearing and at trial.

3. **Criminal Law § 115; Robbery § 5.4– armed robbery — submission of common law robbery — no prejudice to defendant**

   In a prosecution for armed robbery, defendant was not prejudiced by error, if any, in the trial court's submission to the jury of the lesser included offense of common law robbery.

APPEAL by defendant from *Preston, Judge.* Judgment entered 6 November 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 August 1980.

Defendant was charged with armed robbery 7 May 1979. At trial, the State's evidence tended to show that a man holding a gun and wearing a green mask entered the Quik-Stop where Sopheronia Miller was working, stated that it was a hold-up and demanded that she give him money. Ms. Miller had seen the man in the store before. She went to the cash register, took the drawer out which contained about $60 of Quik-Stop's money, and put it on the counter. She then lay down on the floor as the man instructed her to do. The man left after being in the store between five to eight minutes and then she called the Sheriff's Department. She discovered that money was missing from the cash drawer. When officers arrived, Ms. Miller told them what had happened.

Ms. Miller was later shown photographic line-ups three to four times. She viewed six photographs in State's Exhibit Number 2 and picked out the defendant. At that time she told Detective Maxwell that the picture was not a good picture, that it looked like the man that had robbed her and that she would like to see him in person also.

The defendant presented no evidence but cross-examined the State's witnesses. On cross-examination Ms. Miller testified that she told the police that one other person in the photographic line-up looked similar to the person that robbed her and that she identified the defendant as the robber at the preliminary hearing.

Detective Dunn testified on cross-examination that Ms. Miller was quite upset when she told him what happened immediately following the robbery.

The jury returned a verdict of guilty of common law robbery. From judgment sentencing him to a prison term of five years, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Marvin Schiller, for the State.*

*Assistant Public Defender Jodie A. English, for defendant-appellant.*

MARTIN (Robert M.) Judge.

Defendant's assignments of error concern the trial court's instructions to the jury. We find all assignments of error to be without merit.

[1] First, defendant assigns as error the trial court's instruction to the jury concerning the scrutiny to be accorded eyewitness testimony. Defendant has not assigned as error the use of the in-court show-up procedure at the preliminary hearing. However he contends that due to the importance of the eyewitness testimony, he was irreparably prejudiced by the court's cursory instructions on factors to be assessed in evaluating the

credibility of an eyewitness's identification. Defendant failed to request a special instruction on this particular point.

N.C. Gen. Stat. § 15A-1232 states that the trial court "is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence." This statute has been interpreted by the courts to require the trial court to instruct the jury on every substantive feature of the case regardless of the absence of a request for such an instruction. *State v. Atkinson,* 39 N.C. App. 575, 251 S.E. 2d 677 (1979).

However, it is clear that where, as here, the trial court instructs the jury on a particular point, a party desiring further elaboration on that point must make a timely request for special instructions. *State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14 (1965); *State v. Walker,* 31 N.C. App. 199, 228 S.E. 2d 772 (1976); *State v. Garrett,* 5 N.C. App. 367, 168 S.E. 2d 479 (1969); *cert. denied,* 276 N.C. 85 (1970).

**[2]** Defendant also assigns as error the trial court's failure to summarize evidence defendant elicited on cross-examination of the State's witnesses. We cannot agree that such failure constitutes reversible error.

Again, N.C. Gen. Stat. § 15A-1232 controls. The Official Comment to 15A-1232 states that the trial judge has a duty "to 'give equal stress to the State and defendant in a criminal action ... .' "

It is well settled in North Carolina that the trial court must state the contentions of the defendant if it states the contentions of the State. However, there is a difference in stating contentions of the parties and recapitulating evidence. A trial judge is not required to state the contentions of either side. 15A-1232 merely requires the trial judge to recapitulate that amount of evidence necessary to explain the application of the law to the facts. *State v. Hewett,* 295 N.C. 640, 247 S.E. 2d 886 (1978).

In the instant case, defendant offered no evidence. Defendant did cross-examine the State's witnesses. However, defend-

ant at no time elicited any evidence tending to raise the defense that defendant was not the robber. Defendant never elicited any evidence tending to show that the eyewitness misidentified the perpetrator of the crime.

The relevant portion of the trial court's charge reads as follows:

> Now, the Defendant may or may not testify in his own behalf, the law permits him this choice. In the instant case the Defendant has not testified. Again, I say the law of North Carolina gives him this privilege.

> This same law also assures him that his decision not to testify will not be used against him and creates no presumption against him and therefore you must be very careful not to allow his silence to influence your decision in any way.

> .  .  .

> *Later she was shown a series of photographs which she viewed and she picked out the Defendant's photograph as one who looked very much like the man who robbed her, it was an identification but not a positive identification.*

> .  .  .

> *The Defendant did not choose to put on evidence and I have given you an instruction with respect to that and I admonish you to remember that instruction as well as all the other instructions that I gave you.*

Defendant relies heavily on the recent case of *State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979). *Sanders* is indeed a case concerning a similar factual situation. In *Sanders*, as in the instant case, the defendant offered no evidence and the trial judge recapitulated the State's evidence without also recapitulating defendant's evidence. However, *Sanders* can be distinguished from the case at bar as the following portion of Chief Justice Branch's opinion shows:

Although defendant offered no evidence at the conclusion of the State's case, there was certain evidence brought out on cross-examination which tended to exculpate defendant. Furthermore, the evidence of the State itself tended to raise inferences favorable to defendant.

*Id.* at 517, 259 S.E. 2d at 261.

In *Sanders*, one of the State's witnesses read a statement by defendant tending to show provocation, heat of passion and self-defense. In the instant case, defendant elicited no favorable evidence raising inferences of any defense or mitigating circumstance. He merely attempted and failed to establish any discrepancies in the victim's testimony at the preliminary hearing and at trial. Surely *Sanders* does not mandate that a trial court recapitulate every shred of evidence elicited by defendant on cross-examination of the State's witnesses.

[3] Finally, defendant assigns as error the trial court's submission of the lesser included offense of common law robbery over the defendant's objection. N.C. Gen. Stat. § 15-170 provides that "[u]pon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime ... ." However in order for 15-170 to apply, there must be some evidence tending to establish that defendant may be guilty of the lesser offense. *State v. Carnes*, 279 N.C. 549, 184 S.E. 2d 235 (1971). It is not necessary in this case to determine whether the trial court erred in submitting the lesser offense to the jury because such error, if any, is nonprejudicial. Defendant has failed to cite any case holding that submission of the lesser offense of common law robbery where the defendant is charged with armed robbery is harmful error.

Although defendant advances an ingenious argument in contending that submission of the lesser included offense prejudiced him by generating sympathy leading to a compromise verdict, we must agree with the overwhelming body of case law on this issue holding that such error is not harmful to defendant. *State v. Vestal*, 283 N.C. 249, 195 S.E. 2d 297 (1973), *cert. denied*, 414 U.S. 874 (1973); *State v. Accor*, 281 N.C. 287, 188 S.E.

2d 332 (1972); *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525 (1968); *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364 (1950).

In our opinion defendant received a fair trial free from prejudicial error.

No error.

Judges VAUGHN and WEBB concur.