STATE OF NORTH CAROLINA v. DUSTIN McNEILL

No. 8112SC357

(Filed 3 November 1981)

1. Searches and Seizures § 12— investigatory stop—subsequent arrest—probable cause—admissibility of evidence resulting from arrest

An officer had probable cause to detain defendant for questioning where two other officers, at 11:25 p.m., saw one black male carrying a television set and another carrying an armful of clothing; when the officers shined their headlights on defendant, he dropped the clothing and ran; one officer broadcast that the officers were pursuing a breaking and entering suspect wearing a red tee shirt with white lettering on the back; almost immediately the first officer spotted a black male who fit the description of the suspect walking along the road; the suspect, later identified as defendant, was breathing hard and sweating profusely; and the officer pulled his vehicle in front of defendant and asked him to place his hands on the car. Furthermore, the officer had probable cause to arrest defendant for obstructing his investigation when defendant ran as the officer attempted to radio other officers that he had the suspect, and evidence obtained as a result of the detention and arrest of defendant was admissible at defendant's trial.

2. Criminal Law § 118.1— failure to state defendant's contentions—absence of prejudice

Defendant was not prejudiced by the trial court's failure to state his contentions after summarizing the contentions of the State where defendant

presented no evidence and evidence elicited on cross-examination of the State's witnesses did not tend to exculpate defendant.

**3. Criminal Law § 145.5— court's recommendation of restitution before parole— validity**

Where a judgment and commitment contained a recommendation by the trial court that defendant be required to make specific restitution payments as a condition of work release or parole, the further statement that "All monies are to be paid prior to the defendant's consideration for parole" did not usurp the power of the N.C. Parole Commission since such statement was simply an elaboration upon and part of the court's recommendation. G.S. 148-57.1.

APPEAL by defendant from *Wood, Judge.* Judgment entered 14 November 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 September 1981.

Defendant was indicted on charges of second degree burglary and larceny, and a jury found him guilty of felonious breaking or entering and felonious larceny. From a judgment imposing consecutive prison terms, defendant appeals.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Daniel C. Oakley, for the State.*

*Assistant Public Defender John G. Britt, Jr., for defendant-appellant.*

WELLS, Judge.

[1] Defendant first assigns error to the denial of his pre-trial motion to suppress any evidence obtained as a result of his arrest on 20 August 1980. Defendant contends that there was no probable cause for his detention or arrest. Without probable cause a warrantless arrest is illegal under G.S. 15A-401(b), and as a general rule, G.S. 15A-974, evidence obtained therefrom is inadmissible. *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961), *Wong Sun v. U.S.,* 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963).

The trial judge made a finding of fact that defendant's detention and arrest were supported by probable cause. This finding is conclusive on appeal if supported by competent evidence. *In re Gardner,* 39 N.C. App. 567, 251 S.E. 2d 723 (1979), *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971), *State v. Small,* 293 N.C. 646, 239 S.E. 2d 429 (1977).

The State's evidence adduced at the *voir dire* on the motion to suppress tends to show that around 11:25 p.m. on 20 August 1980, Officers Dumas and McDaniel were on patrol in a marked patrol car. Officer Dumas noticed two black males walking at a fast pace. One was carrying a television set, and the other was carrying an armful of clothing. The officers immediately turned around to investigate. The two officers then observed only the man carrying clothing, who was later identified as defendant. When the officers shined their headlights on defendant, he dropped the clothing and ran. Officer McDaniel immediately broadcast over his radio that he and Officer Dumas were "in foot pursuit of a B&E suspect wearing a red tee shirt with white lettering on the back." Officer Sweet, who was on patrol nearby, received the radio transmission from his marked patrol car and began searching the area. Almost immediately he spotted a black male who fit the description of the suspect. The man, identified as defendant, was walking on the wrong side of the road. He was breathing hard and sweating profusely. Officer Sweet pulled his vehicle in front of the defendant and asked him to place his hands on the car. As he attempted to radio the other officers that he had the possible suspect, defendant ran. Officer Sweet caught and arrested defendant for obstructing and delaying his investigation. Under the circumstances, Officer Sweet had the right to detain defendant for questioning. *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968), *Adams v. Williams*, 407 U.S. 143, 32 L.Ed. 2d 612, 92 S.Ct. 1921 (1972), *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973). When defendant fled, Sweet then had probable cause to arrest him for obstructing his investigation. G.S. 14-223. *State v. Rudolph*, 39 N.C. App. 293, 250 S.E. 2d 318 (1979). There is ample evidence to support the trial judge's finding of probable cause. *State v. Sadler*, 40 N.C. App. 22, 251 S.E. 2d 902 (1979). Defendant's motion to suppress was properly denied. *See State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). We overrule this assignment.

[2] In his third assignment of error, defendant argues that the trial judge erred by summarizing the State's contentions in its jury instructions, while omitting defendant's contentions. *State v. Hewett*, 295 N.C. 640, 247 S.E. 2d 886 (1978). Although defendant presented no evidence, he had the right to have the jury instructed of his contentions raised by any favorable evidence

elicited on cross-examination of a State's witness. *State v. Sanders,* 298 N.C. 512, 259 S.E. 2d 258 (1979). The only evidence for defendant was the cross-examination testimony of Officer Sweet, who testified that though he conducted a pat-down search of defendant, the stolen goods were found under the back seat of the patrol car, where defendant alone had been sitting. Since this evidence does not tend to exculpate defendant, the failure of the trial judge to discuss it did not prejudice defendant. This assignment is overruled.

[3] Defendant's final assignment of error involves alleged error in the judgment and commitment order. Judge Wood ordered:

> As to restitution or reparation as a condition of attaining work release privilege or parole, the Court recommends that the defendant pay restitution in the sum of $417.50, for benefit of Jeffery Trent Lloyd, . . . and pay to the Administrative Office of the Courts the sum of $250.00 for court appointed Counsel. All Monies are to be paid prior to the defendant's consideration for parole.

Defendant argues that in the last sentence of this paragraph, the trial judge violated defendant's constitutional rights of due process and equal protection and usurped the power of the North Carolina Parole Commission. He contends that the statute only allows the court to recommend restitution prior to consideration of parole. G.S. 148-57.1, Restitution as a condition of parole, provides in pertinent part:

> (b) As a rehabilitative measure, the Parole Commission is further authorized and empowered to impose as a condition of attaining parole that the prisoner make restitution or reparation to an aggrieved party when such restitution or reparation is *recommended* (emphasis added) by the sentencing court as a condition of attaining parole. The Parole Commission shall not be bound by such recommendation, but if it elects not to implement the recommendation, it shall state in writing the reasons therefor, and shall forward the same to the sentencing court.

> (c) When an active sentence is imposed, the court shall consider whether, as a rehabilitative measure, restitution or reparation should be *ordered* (emphasis added) or recom-

mended to the Parole Commission to be imposed as a condition of parole. If the court determines that restitution or reparation should not be *ordered* (emphasis added) or recommended as a condition of parole, it shall so indicate on the commitment. If, however, the court determines that restitution or reparation should be *ordered* (emphasis added) or recommended as a condition of parole, it shall make its order or recommendation a part of the order committing the defendant to custody.

In light of these statutory provisions, we interpret the language of the judgment and commitment order to mean that, should the Parole Commission accept the court's recommendation of the specific restitution payments as a condition of attaining parole, then this money must be paid prior to the consideration of defendant's parole by the Commission. We view the last sentence in the order as simply an elaboration upon and part of the court's recommendation. This assignment of error is, accordingly, overruled.

No error.

Chief Judge MORRIS and Judge CLARK concur.