STATE OF NORTH CAROLINA v. PERCY LEE KEARNS

No. 7520SC401

(Filed 5 November 1975)

1. **Assault and Battery § 5; Robbery § 1— armed robbery — assault with deadly weapon with intent to kill inflicting serious injury — separate crimes**

> Defendant could be convicted of armed robbery and of assault with a deadly weapon with intent to kill inflicting serious injury, since the crime of armed robbery includes an assault on the person with a deadly weapon, but it does not include the additional elements of (1) intent to kill or (2) inflicting serious injury.

2. **Criminal Law § 7— coercion as defense to crime**

> It is the general rule that in order to constitute a defense to a criminal charge other than taking the life of an innocent person, the coercion or duress must be present, imminent or impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done; furthermore, the doctrine of coercion cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm.

3. **Criminal Law §§ 7, 9— defendant as aider and abettor — coercion no defense**

> The doctrine of coercion was not applicable and the trial judge was under no duty to charge on the doctrine where the evidence tended to show that one of the perpetrators of the crime who had a gun threatened him as he drove the car to the scene of the crime, the perpetrator who had threatened defendant and defendant's brother left the car and entered a store to commit the robbery, defendant made no effort to get away but instead waited outside while the crime took place, and defendant drove the car away after the robbery.

APPEAL by defendant from *Long, Judge*. Judgment entered 15 January 1975 in Superior Court, ANSON County. Heard in the Court of Appeals 3 September 1975.

The defendant pled not guilty to charges of (1) armed robbery, and (2) assault with a deadly weapon with intent to kill inflicting serious injury.

Sarah Deese testified that she was working in the grocery store near Wadesboro about 9:40 p.m. on 25 July 1974 when two boys walked in the store; one of them (Larry Johnson) pointed a pistol at her and said, "This is a holdup." The other (later identified as defendant's brother James Ernest Kearns) took about $1100 from the cash register. As Johnson backed

out the door he fired once, the bullet piercing her stomach. She had an operation and remained in the hospital eight days.

Two days later defendant voluntarily went to the police, and after being advised of his *Miranda* rights made a statement which was reduced to writing and signed. He stated that he, his brother, Larry Johnson, and another man were riding around. His brother had a gun. Johnson took the gun and told defendant to drive to Deese Variety Store. One said he wanted nothing to do with it, but Johnson said all of them were going to be in it or he would shoot them. Defendant parked the car near the store, and his brother and Johnson went in. As they were leaving he heard a pop. Johnson told him to drive away fast. He drove to his home, where his brother pulled out a roll of money and counted it. As his brother and Johnson left his home, his brother handed him $40.00. He then told his wife everything. She called his cousin, who advised him to go to the police.

After making the foregoing statement the defendant gave to the police the $40.00; he then went with them to Thomasville and High Point and led them to the apprehension of the other participants.

Larry Johnson, a witness for the State, testified that he was serving a sentence to imprisonment of 22 to 28 years after pleading guilty to the felonious assault of Sarah Deese; that the defendant had told them that the Deese store would be a good place to "hit"; that defendant drove the car for them; that after the robbery, the defendant's brother divided the money, but it was not done right; and that at no time had he threatened the defendant.

The defendant's testimony at trial was substantially the same as his statement to the police, but he added that he did not know there was going to be a robbery.

The jury found defendant guilty of armed robbery (Case No. 74CR2670) and guilty of assault with a deadly weapon inflicting serious injury (Case No. 74CR2671) and requested that consideration be given to the fact that he turned himself in and helped in the capture of the other participants. From the judgment imposing a prison term of five years for the assault and ten to fifteen years for the armed robbery, defendant appealed.

*Attorney General Edmisten by Associate Attorney Robert P. Gruber for the State.*

*Henry T. Drake for defendant appellant.*

CLARK, Judge.

[1] Defendant's motion that the judgment in Case No. 74CR2671 be arrested is based on the contention that the felonious assault for which he was indicted and assault with a deadly weapon inflicting serious injury for which he was convicted are lesser included offenses of armed robbery for which he was indicted and convicted in Case No. 74CR2670. The contention is without merit because the crime of armed robbery includes an assault on the person with a deadly weapon, but it does not include the additional elements of (1) intent to kill or (2) inflicting serious injury. So the conviction of armed robbery did not establish defendant's guilt of assault with a deadly weapon inflicting serious injury. *State v. Richardson*, 279 N.C. 621, 185 S.E. 2d 102 (1971); *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1971).

The defendant claimed the defense of coercion. He testified that just prior to the robbery, while he was driving the car to the store, Larry Johnson had a pistol and stated that "all of them were going to be in it or he'd shoot them." The trial judge stated the doctrine of coercion and placed the burden with the State. Defendant assigns as error the charge of the court relating to coercion in that there was no application of the law to the evidence.

Trial judges may find guidance for charging on the doctrine of coercion in *State v. Sherian*, 234 N.C. 30, 34, 65 S.E. 2d 331, 333 (1951), wherein Devin, Judge, wrote:

> "The defendants were entitled to have the court instruct the jury to the effect that if, upon a consideration of all the evidence, it failed to find beyond a reasonable doubt, that the assistance rendered to James Diggs, after he committed the felonious assault upon officer Howell, was rendered with the willful and felonious intent to aid Diggs to escape arrest and punishment, and not under compulsion or through fear of death or great bodily harm, it should return a verdict of not guilty."

[2]   It is the general rule that in order to constitute a defense to a criminal charge other than taking the life of an innocent person, the coercion or duress must be present, imminent or impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. Furthermore, the doctrine of coercion cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm. Annot. 40 A.L.R. 2d 908 (1955).

[3]   In this case the defendant was convicted as a principal in the second degree in that he drove the car to the scene, waited outside the store while his brother and Larry Johnson committed the armed robbery, and drove the car away after the robbery. The jury found that he aided and abetted the perpetrators. His claim of coercion was based on threat made to him by Johnson as he drove the car to the scene; Johnson then left the car and entered the store. Defendant testified, "I don't really know why I didn't leave from the store while they went into it." At this time the defendant was in control of the car and had a reasonable opportunity to leave the scene and to avoid aiding and abetting the perpetrators. Under these circumstances, the doctrine of coercion was not applicable, and the trial judge was under no duty to charge on this doctrine. Assuming that there was a failure to apply the law of coercion to the evidence, such failure was not error.

We have carefully examined the other assignments of error and find that the defendant had a fair trial free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.