STATE OF NORTH CAROLINA v. ALBERT LEBERT WALKER, JR.

No. 7723SC300

(Filed 16 November 1977)

**1. Homicide § 28.8— defense of accident—insufficient evidence**
    Evidence in a homicide case tending to show that defendant intended to fire his gun to the right of the victim's head for the purpose of scaring him but

that he did not intend for the bullet to strike the victim did not present the defense of death by accident.

**2. Homicide § 27.2— instructions—use of gun—unlawful act**

In this prosecution for second degree murder in which defendant testified that he intended to fire to the right of the victim's head for the purpose of scaring him, the trial court, in instructing the jury on involuntary manslaughter, did not err in stating that "the defendant's act was unlawful in using the deadly weapon in assaulting or shooting [the victim]" since the jury had rejected self-defense when it considered defendant's guilt of involuntary manslaughter, and defendant's act was unlawful where he did not point and fire the gun in self-defense.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 20 January 1977. Heard in the Court of Appeals 20 September 1977.

The State elected to try defendant for second-degree murder of Harrison Shores.

The evidence for the State tended to show that just after midnight on 14 March 1976 Ronald Bryant was taking Shores home in his car and defendant was in front and Larry Snow was in the back seat. All had been drinking beer. Shores and defendant began arguing. Shores asked Bryant to "Pull over." Shores got out of the car, then told defendant to get out. Defendant stepped out of the car, pulled a gun and shot Shores in the forehead.

Shores was taken to a hospital where he died during surgery. A small knife (closed) was found in his pocket.

Defendant testified that Shores threatened him, then asked Bryant to stop the car. Shores got out, told defendant he was going to get even, reached in his pocket, then reached for defendant. Defendant, afraid, pulled out his pistol, pointed it to the side of Shores, intending to fire in the air and scare him. The gun went off and Shores fell. Defendant went home, where he was arrested.

Defendant was found guilty of involuntary manslaughter. He appealed from the judgment imposing a prison sentence.

*Attorney General Edmisten by Associate Attorney D. Grimes for the State.*

*Gregory and Joyce by Dennis R. Joyce for defendant appellant.*

CLARK, Judge.

The defendant brings forward in his brief only one assignment of error: that the trial judge, in instructing the jury on involuntary manslaughter, erred in stating that "the defendant's act was unlawful in using a deadly weapon in assaulting or shooting Harrison Shores."

A defendant may, in an appropriate factual situation, under his plea of not guilty, rely on more than one defense, *e.g.*, (1) self-defense, and (2) accident. *See State v. Wagoner*, 249 N.C. 637, 107 S.E. 2d 83 (1959), where the defendant's evidence tended to show that the pistol was not intentionally fired but discharged accidentally.

[1] In the case *sub judice* defendant's evidence did not tend to show that the pistol was fired accidentally; it tended to show that defendant did not intend for the bullet to strike Shores but that he intended to fire to the right of his head for the purpose of scaring him. Under these circumstances this evidence does not present the defense of death by accident. See *State v. Price*, 271 N.C. 521, 157 S.E. 2d 127 (1967).

The trial court properly instructed the jury on the right of the defendant to defend himself. After charging on second-degree murder and voluntary manslaughter, the court instructed as follows: "If you do not find the defendant guilty of second degree murder or voluntary manslaughter but the state has proven beyond a reasonable doubt that he did not act in self-defense, then you must determine whether the defendant is guilty of involuntary manslaughter."

[2] The jury, when it considered the crime of involuntary manslaughter, had rejected self-defense. Since defendant was not acting in self-defense, he was acting unlawfully in pointing the gun close to Shores and firing it for the purpose of scaring him, as his testimony tends to show. It is well established that "no man by the show of violence has the right to put another in fear and thereby force him to leave a place where he has the right to be." *State v. Martin*, 85 N.C. 509, 510 (1881); *State v. Douglas*, 268 N.C. 267, 150 S.E. 2d 412 (1966); *State v. Price, supra*. The pointing of a gun without legal justification is a violation of G.S. 14-34.

We find no error in the instruction that the defendant's act was unlawful. Nor do we find prejudicial error in the trial court's instructions on the contentions of the State.

All of the evidence in the case before us tends to show an intentional shooting and, thus, at the least, voluntary manslaughter. Though it was erroneous to charge on involuntary manslaughter, the verdict and judgment is permitted to stand since it is favorable to defendant. *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923).

No error.

Judges HEDRICK and VAUGHN concur.