STATE OF NORTH CAROLINA v. LEWIS FELTON GODFREY

No. 7811SC229

(Filed 1 August 1978)

**1. Homicide § 21.9— involuntary manslaughter—sufficiency of evidence**

The trial court did not err in submitting the offense of involuntary manslaughter to the jury as one of the verdicts they could return, since the evidence that decedent was killed during a scuffle after defendant "leveled" a gun at him was sufficient to support a finding by the jury that the killing was unintentional and without malice and that it proximately resulted from the commission of an unlawful act not amounting to a felony by defendant, namely, his pointing a loaded firearm at decedent.

**2. Homicide § 28— involuntary manslaughter—failure to instruct on self-defense—no error**

The trial court did not err in failing to instruct the jury that self-defense was a defense to involuntary manslaughter, since the jury, when it considered the crime of involuntary manslaughter, had rejected self-defense.

**3. Homicide § 32.1— instruction on self-defense—harmless error**

Defendant was not prejudiced by error, if any, in the trial court's instructions on self-defense where the jury found defendant guilty of involuntary manslaughter and in effect found defendant not guilty of second degree murder and voluntary manslaughter, since self-defense pertained only to the two more serious charges and was not available on the charge of involuntary manslaughter.

APPEAL by defendant from *Braswell, Judge*. Judgment entered 13 December 1977 in Superior Court, LEE County. Heard in the Court of Appeals 27 June 1978.

Upon a plea of not guilty defendant was tried for the murder of John William Ayers on 15 January 1977. The State asked for a verdict no greater than murder in the second degree.

Evidence presented by the State is summarized in pertinent part as follows:

On the afternoon of the day in question, decedent went to the trailer home of his mother, Mrs. Marks. Although she and defendant were not married to each other, they were living together. Decedent and defendant drank intoxicants quite heavily and Mrs. Marks drank some.

Late in the afternoon or early evening decedent's wife came to the mobile home and an argument developed between her and decedent. Defendant and Mrs. Marks succeeded in breaking up the argument.

Thereafter, an altercation took place between decedent and defendant and defendant asked decedent to leave. When decedent refused to leave, defendant obtained a shotgun and told decedent and Mrs. Marks that he was going to kill both of them. The gun discharged, with pellets entering decedent's chest, causing his instant death. Several pellets struck Mrs. Marks but she was not seriously injured.

Mrs. Marks did not know whether or not she tried to grab the gun prior to its discharge. After the shooting she told Deputy Sheriff Currin that defendant shot her son for no reason at all.

Defendant's only evidence was his own testimony. He testified that after decedent's wife left, decedent became enraged and threatened to kill him; he then secured a shotgun to make deceased leave but that decedent refused to leave; that decedent kept "coming at him" and threatening him; that Mrs. Marks ran up beside decedent and in the ensuing scuffle, the gun went off; that decedent had pulled a knife on him prior to that date; that at the time of the shooting decedent had a hand in his pocket and defendant thought he was pulling a knife on him; that he had no intention of killing decedent when he got the gun but he meant to stop him even if it meant shooting him.

The court instructed the jury to return a verdict of second-degree murder, voluntary manslaughter, involuntary manslaughter or not guilty. The jury returned a verdict of guilty of involuntary manslaughter and from judgment imposing prison sentence of seven years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Douglas A. Johnston, for the State.*

*Morgan, Bryan, Jones, Johnson, Hunter & Greene, by Robert C. Bryan, and Love & Ward, by Jimmy L. Love, for defendant appellant.*

BRITT, Judge.

[1] Defendant contends first that the court committed prejudicial error in submitting the offense of involuntary manslaughter to the jury as one of the verdicts they could return. This contention has no merit.

Defendant argues that there was no evidence of an unintentional shooting; hence there was no evidence to support a charge of involuntary manslaughter. We disagree with this argument.

Involuntary manslaughter is the unlawful killing of a human being, unintentionally and without malice, proximately resulting from the commission of an unlawful act not amounting to a felony, or resulting from some act done in an unlawful or culpably negligent manner. 6 Strong's N.C. Index 3d, Homicide § 6.1, p. 537.

G.S. 1-180 requires the trial judge in his charge to the jury to "declare and explain the law arising on the evidence given in the case". Evidence given in the case includes reasonable inferences raised by the evidence.

Defendant testified that just prior to the shooting, "Flora (Mrs. Marks) run up beside of me and in the scuffle there, the gun went off. I don't know wher're I pulled the trigger or not. . . ." On cross-examination he testified that he "leveled" the gun at decedent. Mrs. Marks testified that when the scuffle started "I threw up my hand either to grab the gun or go up against Johnny (decedent) for protection, and the gun went off."

We think the evidence and inferences therefrom were sufficient to support a finding by the jury that the killing was unintentional and without malice, and that it proximately resulted from the commission of an unlawful act not amounting to a felony by defendant, namely, his pointing a loaded firearm at decedent. *State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963).

Our Supreme Court has held that where the evidence is susceptible to the interpretation that the killing was not intentional, the trial court *must* submit the question of defendant's guilt of involuntary manslaughter. *State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969). Assuming, *arguendo*, that the court did err in submitting the charge of involuntary manslaughter, the error was favorable to defendant. *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923); *State v. Walker*, 34 N.C. App. 485, 238 S.E. 2d 666 (1977).

[2] Defendant contends next that if the trial court correctly submitted the offense of involuntary manslaughter as a possible verdict, it erred in not instructing the jury that self-defense is a defense to involuntary manslaughter. We find no merit in this contention.

After instructing the jury with respect to the law on second-degree murder and voluntary manslaughter, His Honor gave full instructions on self-defense; he did not do this following his explanation of the law on involuntary manslaughter and we do not think he was required to do so. As was said by Judge Clark, speaking for this court in *State v. Walker, supra*, page 487, "[t]he jury when it considered the crime of involuntary manslaughter, had rejected self-defense." We adhere to that statement. *See also State v. Moore, supra.*

[3] Finally, defendant contends the court erred in instructing the jury as follows:

". . . However, if the defendant was attacked in a manner which he could not reasonably believe to be murderous, even though he, the defendant, was in his home, he had a duty to retreat as far as he could, consistent with his own safety, before he could kill in self-defense."

We find no merit in this contention.

It is obvious that the challenged instruction pertained to self-defense. As indicated above, this defense related to second-degree murder and voluntary manslaughter. By their verdict of guilty of involuntary manslaughter, the jury in effect found defendant not guilty of the two more serious charges. Self-defense was not available to defendant on the charge of involuntary manslaughter,

*State v. Moore, supra; State v. Walker, supra;* therefore, assuming, but not deciding, that the instruction was erroneous, the error was not prejudicial.

We conclude that defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MITCHELL concur.