STATE OF NORTH CAROLINA v. WADE HENDERSON, JR.

No. 8327SC99

(Filed 18 October 1983)

**1. Criminal Law § 7.5— defense of duress or coercion—instruction not required**

In an armed robbery prosecution in which an accomplice testified that he and defendant were coerced into committing the robbery by a third person, the trial court did not err in failing to charge the jury on the defense of duress

State v. Henderson

or coercion where the accomplice's testimony showed that defendant and the accomplice entered a shopping mall alone to commit the robbery and thus had more than a reasonable opportunity to avoid the act without risking death or serious bodily injury, and where the evidence showed that defendant did not surrender himself and the stolen property to the police once he was no longer under the coercive influence of the third person. Furthermore, defendant's alibi theory would have been seriously undermined by the submission of the issue of duress to the jury which was propounded by an admitted perpetrator of the crime whom defendant himself had impeached.

2. **Constitutional Law § 48— effective assistance of counsel—failure of counsel to request instruction on duress**

Defendant was not denied the effective assistance of counsel because of the failure of his counsel to request an instruction on the defense of coercion or duress where the evidence would not have required the trial court to give such an instruction.

APPEAL by defendant from *Saunders, Judge.* Judgment entered 29 September 1982 in Superior Court, GASTON County. Heard in the Court of Appeals 28 September 1983.

*Attorney General Edmisten by Assistant Attorney General William B. Ray for the State.*

*Assistant Public Defender Malcolm B. McSpadden for defendant appellant.*

BRASWELL, Judge.

The defendant was convicted of armed robbery with a deadly weapon and sentenced to fourteen years' imprisonment. He sought to verify his innocence through an alibi defense established through his father. A State's witness, Robert Shaw, Jr., testified that he and the defendant were coerced into committing the crime by Emery Bradley who was also convicted of the robbery. The defendant on appeal asserts that reversible error was committed by the trial judge's failure to charge the jury on the defense of duress or coercion or that he was denied effective assistance of counsel by the failure of his counsel to timely file a request for such an instruction. We hold that the trial judge committed no error and that the defendant was not denied effective assistance of counsel.

The State's evidence tended to show through the testimony of Robert Shaw, Jr., that on the morning of 30 April 1982, Shaw and Emery Bradley were driving in Bradley's car to West Char-

lotte High School to pick up a cap and gown for Shaw's graduation. At 9:20 a.m., Bradley drove to the Busy Body Food Mart in Charlotte where they saw the defendant. Bradley asked the defendant when he was going to pay him the money he owed him. The defendant replied that he would repay him, then got into the car.

The three men then drove to the Alamo Motel where Bradley met two other men who also got into the car. As they were driving towards Gaston County, Shaw and the defendant learned that they had been chosen to rob a jewelry store in the Oak Tree Mall. Bradley and the other two men, revealing four guns and a sawed-off shotgun, gave the defendant and Shaw each a gun with which to commit the crime.

They arrived at Oak Tree Mall in Gastonia at approximately 9:45 a.m. Bradley retrieved some pillowcases from the trunk of the car and gave them to the defendant. After determining where the car would be parked after the robbery, Shaw and the defendant entered the mall. They went into "Precious Metals & Stones" jewelry store, looked over the merchandise for several minutes, then left.

They walked to the end of the mall while Shaw searched for the nerve to go through with the robbery. The defendant stated that Bradley would kill them if they did not commit the crime so they might as well go ahead with it. They re-entered the jewelry store and after asking Vickie Dameron, the store's owner, if they could see a man's diamond ring, the defendant and Shaw drew their guns. Shaw walked to the back of the store with the other store clerk to the safe, but found it empty. The defendant told Mrs. Dameron to fill up the pillowcase with jewelry. Mrs. Dameron dropped her keys to the glass display case which angered the defendant. Mrs. Dameron told the defendant to go ahead and shoot and began to scream. She tried to take the pillowcase from the defendant, but he snatched it from her hand and ran out of the mall. Shaw immediately followed.

Other evidence produced by the State determined that the defendant had left a latent palm print on the glass jewelry display case which had been cleaned earlier that morning by the store's clerk.

The defendant's evidence, on the other hand, tends to show that on 30 April 1982 he woke up, cleaned the kitchen, watched television, and went to a friend's home to play cards. His father testified that the defendant was at his home in Charlotte until 9:40 a.m., thus was incapable of committing a robbery that morning in Gastonia.

The defendant also presented evidence that he does not match the description given by Mrs. Dameron to the police. She stated that the other robber with Shaw was between 5 feet 10 inches and 5 feet 11 inches tall. The defendant is 6 feet 1 inch tall and has always worn a beard. He also explains that his fingerprint might have possibly been left in the store on the evening of 29 April 1982 while shopping in Gaston County. Finally, when the defendant was arrested and his home was searched, no jewelry or other objects were found in his possession, except $50.00 which was loaned to the defendant by his grandfather.

[1] The major issue raised only in the defendant's brief concerns whether the trial judge committed error by failing to instruct the jury with respect to the law on the defense of coercion or duress. The general rule requires the trial judge to instruct the jury on every substantial feature of the case regardless of whether there has been a request from the parties for the instruction. *State v. Mitchell*, 48 N.C. App. 680, 270 S.E. 2d 117 (1980). Each defense raised by the evidence constitutes a substantial feature requiring an instruction. *State v. Brock*, 305 N.C. 532, 290 S.E. 2d 566 (1982). If the trial judge had no duty to instruct the jury on duress or coercion as a justification for his participation in the crime, the defendant was not denied the effective assistance of his counsel who failed to request such an instruction.

In the present case, the defendant pled not guilty to the charge of armed robbery, claiming that he was somewhere else at the time the crime was committed. Robert Shaw, Jr., alleged accomplice in the robbery and State's witness, claimed that he and the defendant were forced to commit the crime by Emery Bradley who would kill them if they did not carry out the robbery.

North Carolina case law recognizes the doctrine of duress or coercion as a defense to criminal prosecutions other than homicide. *State v. Kearns*, 27 N.C. App. 354, 219 S.E. 2d 228 (1975), *disc. rev. denied*, 289 N.C. 300, 222 S.E. 2d 700 (1976). *See also*

*State v. Sherian,* 234 N.C. 30, 65 S.E. 2d 331 (1951). In *Kearns,* this Court stated:

> It is the general rule that in order to constitute a defense to a criminal charge other than taking the life of an innocent person, the coercion or duress must be present, imminent or impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. Furthermore, the doctrine of coercion cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm.

*Id.* at 357, 219 S.E. 2d at 230-31. In order to have the court instruct the jury on the defense, the defendant must present some credible evidence on every element of the defense. *See State v. Strickland,* 307 N.C. 274, 298 S.E. 2d 645 (1983). If the testimony of Shaw is believed, the facts clearly show that the defendant and Shaw, armed with guns, went into the mall alone, walked around for several minutes, and entered the jewelry store twice before attempting the robbery. Neither Bradley nor the other two unknown passengers in the car were present to continually pressure the robbers into committing the crime. This break in the continuity of the coercion is fatal to the defense because it is evident that the defendant and Shaw had more than a reasonable opportunity to avoid the act without risking death or serious bodily harm.

[2]  Secondly, once the crime was committed under duress and the defendant was out from under Bradley's coercive influence, the defendant was under a duty to surrender himself and the stolen goods to the police. The defendant as a matter of law is not entitled to an instruction on the theory of duress until he has proffered evidence in satisfaction of this element. *See United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed. 2d 575 (1980); *State v. Watts,* 60 N.C. App. 191, 298 S.E. 2d 436 (1982). Since the evidence at trial did not warrant an instruction on the defense of duress, the trial judge did not err by failing to so instruct the jury. Likewise, the defendant was not denied the effective assistance of his counsel who refused to futilely request such an instruction from the trial judge.

Finally, as a practical matter, it is important to note that the defense of coercion or duress was not raised by the defendant,

but by a State's witness attempting to explain his participation in the crime. Shaw's credibility was severely impeached by the defendant when through the testimony of the defendant's father a letter written by Shaw was admitted into evidence. In the letter, Shaw stated that if the defendant wanted to be free, he should use the story given by Shaw in court that they were forced to commit the crime by Bradley.

The defendant impeached Shaw because he did not want Shaw's testimony implicating him in the robbery to be believed. The defendant in using an alibi defense attempted to show that he was simply not guilty of the crime because he was somewhere else during its commission. A duress defense, on the other hand, assumes the defendant had committed the offense but merely offers an excuse for his participation in the crime. Although a defendant may rely on two inconsistent defenses, *State v. Walker*, 34 N.C. App. 485, 238 S.E. 2d 666 (1977), *disc. rev. denied*, 294 N.C. 445, 241 S.E. 2d 847 (1978), in the present case the defendant's own alibi theory would have been seriously undermined by the submission of the issue of duress to the jury which was propounded by an admitted perpetrator of the crime whom the defendant himself had impeached.

No error.

Judges BECTON and JOHNSON concur.