STATE OF NORTH CAROLINA v. RONNO LYNDON COOKE

No. 8827SC918

(Filed 20 June 1989)

**1. Criminal Law § 7.5— driving while impaired—defense of coercion—no instruction—no error**

The trial court did not err in a prosecution for driving while impaired by refusing to instruct the jury on the defense of coercion, compulsion or duress where defendant's evidence was to the effect that he drove the vehicle away from a drunken party in the country because several irate people were chasing him on foot and that he had been driving on different public highways for about thirty minutes when the officer stopped him. While the evidence tends to show that defendant was justifiably in fear for his safety when he drove away from his pursuers, it does not tend to show that he was still justifiably fearful thirty minutes later after his pursuers had been left many miles behind.

**2. Automobiles and Other Vehicles § 129— driving while impaired—credibility of breathalyzer operator—instructions—no error**

There was no error in the trial court's instructions concerning the credibility of the breathalyzer operator in a prosecution for driving while impaired where the instructions conformed with the Pattern Jury Instructions.

APPEAL by defendant from *Sherrill, W. Terry, Judge.* Judgment entered 21 April 1988 in Superior Court, GASTON County. Heard in the Court of Appeals 22 March 1989.

*Attorney General Thornburg, by Special Deputy Attorney General Jane P. Gray, for the State.*

*Assistant Public Defender Joseph F. Lyles for defendant appellant.*

PHILLIPS, Judge.

In appealing his conviction of driving while impaired in violation of G.S. 20-138.1 defendant contends that the court erred in not charging the jury on the defense of coercion and duress and as to the credibility of the breathalyzer operator. Neither contention has merit and we find no error.

[1] The trial court was correct in refusing to instruct the jury on the defense of coercion, compulsion or duress as there was no evidence that defendant faced threatening conduct of any kind *at the time the officer saw him driving while intoxicated. State v. Brower and Johnson,* 289 N.C. 644, 224 S.E. 2d 551 (1976), *reconsideration denied,* 293 N.C. 259, 243 S.E. 2d 143 (1978). The evidence that defendant relies upon was to the effect that he drove the vehicle away from a drunken party in the country because several irate people were chasing him on foot, and that he had been driving on different public highways for about thirty minutes when the officer stopped him. While this evidence tends to show that defendant was justifiably in fear for his safety when he drove away from his pedestrian pursuers, it does not tend to show that he was still justifiably fearful thirty minutes later after his pursuers had been left many miles behind. The coercion defense cannot be invoked "by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm," *State v. Kearns,* 27 N.C. App. 354, 357, 219 S.E. 2d 228, 231 (1975), *disc. rev. denied,* 289 N.C. 300, 222 S.E. 2d 700 (1976); and nothing in the record suggests that defendant would have exposed himself to harm of any kind if he had stopped driving the car long before the officer saw him.

[2] And the court's instructions concerning the breathalyzer exactly conformed with the Pattern Jury Instructions, N.C.P.I.—Crim.

**STATE v. COOKE**

[94 N.C. App. 386 (1989)]

270.20, and adequately conveyed the substance of defendant's request. *State v. Green*, 305 N.C. 463, 290 S.E. 2d 625 (1982).

No error.

Judges PARKER and COZORT concur.