[101 N.C. App. 653 (1991)]

STATE OF NORTH CAROLINA v. JANICE TERESA BLAIR, DEFENDANT

No. 9026SC536

(Filed 19 February 1991)

**1. Robbery § 5.2 (NCI3d) — robbery with firearm — appearance of firearm — mandatory presumption — instruction correct**

In a prosecution for robbery with a firearm the trial court properly instructed on the mandatory presumption that a victim's life is endangered or threatened when there is evidence that defendant has committed a robbery with what appears to the victim to be a firearm or other dangerous weapon, and the mandatory presumption does not violate due process of law by failing to require the State to prove beyond a reasonable doubt every essential element of the charge. Such a mandatory presumption is constitutional because (1) the mandatory presumption disappears when the defendant comes forward with some evidence to rebut the presumption, or takes advantage of evidence offered by the prosecution in order to rebut the presumption, (2) there is a logical connection between the basic and elemental facts such that "upon proof of the basic facts, the elemental facts are more likely than not to exist," and (3) "there is other evidence in the case which, taken together with the inference of presumption, is sufficient for a jury to find the elemental facts beyond a reasonable doubt."

**Am Jur 2d, Robbery § 5.**

**2. Robbery § 5.2 (NCI3d) — robbery with firearm — appearance of firearm — instructions — burden unconstitutionally shifted to defendant**

When a mandatory presumption arises where there appears to be a firearm, the defendant has the burden to come forth with some evidence that it was not a firearm or to take advantage of evidence that the prosecution has offered, but the trial judge was incorrect when he referred to the effect of the mandatory presumption on the defendant as giving rise to an affirmative defense, and the judge's statements unconstitutionally shifted the burden of proof to defendant.

**Am Jur 2d, Robbery §§ 5, 52.**

**3. Robbery § 5.2 (NCI3d) — robbery with firearm — defense of duress or coercion — instruction not required**

In a prosecution for robbery with a firearm, the evidence was insufficient to require an instruction on the defense of duress or coercion where the testimony of defendant only indicated that she did not in any way participate in the crime, but she did testify that the principal in some way forced her to participate in the robbery.

**Am Jur 2d, Robbery § 74.**

APPEAL by defendant from a judgment entered 15 February 1990 in Superior Court, MECKLENBURG County, by *Judge Kenneth A. Griffin.* Heard in the Court of Appeals 17 January 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Richard G. Sowerby, Jr., for the State.*

*Assistant Public Defender Robert L. Ward for defendant appellant.*

LEWIS, Judge.

The questions addressed on appeal in this case are: whether the trial judge erred in his instructions to the jury relating to robbery with a firearm, and whether the trial judge erred in refusing to instruct the jury on the defense of coercion or duress.

The State's evidence presented at trial tended to show that on 11 April 1989 the defendant was a passenger in a car driven by Nathaniel Weatherman. Weatherman drove to a convenience store with the defendant. The defendant and Weatherman walked into the convenience store where one customer stood at the register. Weatherman held what appeared to be a gun wrapped in a cloth and proceeded to rob the store. The State's witnesses testified that the defendant stood in the store with her hands in her pocket and said words to the effect that Weatherman meant what he said. However, the defendant testified that she put her hands up in the air when he began robbing the store and that she did not know that Weatherman had planned to rob the store. Weatherman took the money from the cash register and left the store at approximately the same time as the defendant. The defendant also testified that she tried to slip away but Weatherman threatened her after the robbery and forced her into the car. The cashier read the

license plate number on the car as it drove away and immediately notified the police. Shortly thereafter, a police officer apprehended the defendant and Weatherman who were found in the car. The officer found money lying in the front of the car and a rifle scope wrapped in a towel.

The defendant was charged with robbery with a dangerous weapon. After a trial before a jury, the trial judge instructed the jury on robbery with a dangerous weapon and common law robbery. The judge refused to allow the instruction on compulsion, duress, or coercion. The jury returned a verdict of guilty of robbery with a dangerous weapon. The defendant was sentenced to fourteen years in prison.

The first issue that the defendant addresses in defendant's brief is whether the trial judge should have dismissed the charge of robbery with a dangerous weapon due to insufficiency of the evidence. The defendant failed to assign error to this issue and we find no "plain error." We dismiss this issue under Rule 10 of the North Carolina Rules of Appellate Procedure.

The defendant also appeals the issue of whether the trial judge erred in his jury instructions relating to robbery with a dangerous weapon. In response to the jury's question as to whether there is a requirement that an actual gun be found to convict the defendant of robbery with a firearm, the trial judge gave the following instructions to the jury:

> The law presumes in the absence of any evidence to the contrary that the instrument is what his conduct represents it to be, an implement endangering or threatening the life of the person being robbed. Where there is evidence that defendant has committed a robbery with what appears to the victim to be a firearm or other dangerous weapon and nothing to the contrary appears in evidence, the presumption that the victim's life was endangered or threatened is mandatory. The mandatory presumption under consideration here, however, is of the type which merely requires the defendant to come forward with some evidence or take advantage of evidence already offered by the prosecution to rebut the connection between the basic and elemental facts. Therefore, when any evidence is introduced tending to show the life of the victim was not endangered or threatened, the mandatory presumption disappears, leaving only a mere permissive inference. The per-

missive inference which survives permits but does not require the jury to infer the elemental fact, that is danger or threat to life from the basic fact proven, that is robbery with what appeared to the victim to be a firearm or other dangerous weapon.

After the jury left the courtroom, the defendant objected to the judge's instructions. The defendant argued that the judge's statement about requiring the defendant to come forward may have misled the jury so that they thought the burden of proof had shifted to the defendant. The judge then requested that the jury return. The judge added the following instructions:

It's been brought to my attention that I may have misled you when I said the mandatory presumption under consideration here, however, is the type which merely requires the defendant to come forward with some evidence or take advantage of evidence already offered by the prosecution. The burden of proof never shifts to the defendant. The burden of proof stays with the State beyond a reasonable doubt on all elements. But in this particular case there is what is known as an affirmative defense which requires some evidence on the part of the defendant, either by direct evidence or taking advantage of evidence already offered by the prosecution. But you are not to interpret that as meaning that the burden shifts to the defendant to convince you beyond a reasonable doubt that it wasn't or was. The burden never shifts on that. Don't misinterpret what I'm saying. It's an affirmative defense that you need to be persuaded but it doesn't shift the burden in any way to the defendant. But it's for you, the jury, to determine, based on all the evidence, as I have told you. I just wanted to make that point.

The jury then left the courtroom and later returned with a verdict of guilty of robbery with a firearm.

[1] The Fourteenth Amendment requires that the State prove every element of a crime beyond a reasonable doubt. In *State v. Joyner*, 312 N.C. 779, 783, 324 S.E.2d 841, 844 (1985), this Court found that the mandatory presumption used in that robbery case where there appeared to be a firearm was constitutional.

The mandatory presumption under consideration . . . is of the type which merely requires the defendant "to come for-

STATE v. BLAIR

[101 N.C. App. 653 (1991)]

ward with *some evidence* (or take advantage of evidence already offered by the prosecution) to rebut the connection between the basic and elemental facts. . . ." *State v. White*, 300 N.C. at 507, 268 S.E.2d at 489. Therefore, when *any evidence* is introduced tending to show that the life of the victim was not endangered or threatened, "the mandatory presumption disappears leaving only a permissive inference. . . ." *Id.*

*State v. Joyner*, 312 N.C. at 783, 324 S.E.2d at 844 (emphasis added). The initial part of the trial judge's instructions to the jury was correct. We hold that the mandatory presumption referred to in the trial, as in *Joyner*, does not violate due process of law by failing to require the State to prove beyond a reasonable doubt every essential element of the charge. Such a mandatory presumption is constitutional because 1) the mandatory presumption disappears when the defendant comes forward with some evidence to rebut the presumption, or takes advantage of evidence offered by the prosecution in order to rebut the presumption, 2) there is a logical connection between the basic and elemental facts such that "upon proof of the basic facts, the elemental facts are more likely than not to exist," and 3) "there is other evidence in the case which, taken together with the inference of presumption, is sufficient for a jury to find the elemental facts beyond a reasonable doubt." *State v. White*, 300 N.C. 494, 506, 268 S.E.2d 481, 489, *reh'g denied*, 301 N.C. 107, 273 S.E.2d 443 (1980). Here, the basic fact, the fact from which the inference is made, is that the victim testified that Weatherman appeared to have a weapon. The elemental fact, the fact inferred, is the danger or threat to life. We hold that the three requirements for a constitutional mandatory presumption stated by the North Carolina Supreme Court in *White* are present in this case.

[2] The only area we find questionable is where the court twice stated that there was an "affirmative defense" involved in the case. Although the judge repeatedly stated that the burden does not shift to the defendant, he also stated that "it's an affirmative defense that you need to be persuaded. . . ."

The trial judge was incorrect when he referred to the effect of the mandatory presumption on the defendant as giving rise to an affirmative defense. In cases involving an affirmative defense in criminal law in North Carolina, the defendant has the burden of proof. For example, the defendant has the burden of proof on

the issue of insanity. *See State v. Weeks*, 322 N.C. 152, 175, 367 S.E.2d 895, 909 (1988). In cases, as here, when a mandatory presumption arises where there appears to be a firearm, the defendant has a burden to come forth with some evidence that it was not a firearm or to take advantage of evidence that the prosecution has offered. *State v. Joyner*, 312 N.C. at 783, 324 S.E.2d at 844. The defendant does not have the burden of persuasion.

The trial judge's statement was contradictory. Although the judge stated that the defendant did not have the burden of proof, he stated that there was an affirmative defense involved that the jury need to be "persuaded." The trial judge in effect stated on one hand that the defendant did not have the burden of proof, but on the other hand that she had the burden of persuasion. We hold that the judge's statements unconstitutionally shifted the burden of proof to the defendant. The shifting of the burden of proof as to an essential element of the crime is a violation of the Due Process Clause of the United States Constitution and unless the State can show that the error was harmless beyond a reasonable doubt, the error is prejudicial. *See Rose v. Clark*, 478 U.S. 570, 92 L.Ed.2d 460 (1986). The State has not shown the error is harmless beyond a reasonable doubt.

[3] Lastly, the defendant argues that the trial court erred by refusing to instruct the jury on the defense of duress or coercion.

[T]he general rule [is] that in order to constitute a defense to a criminal charge . . . the coercion or duress must be present, imminent or impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done. Furthermore, the doctrine of coercion cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or bodily harm.

*State v. Henderson*, 64 N.C. App. 536, 540, 307 S.E.2d 846, 849 (1983) (citation omitted).

The defendant testified that she did not know that Weatherman was going to rob the store. She also testified that she took her hands out of her pockets and held her hands up in the air when he held what appeared to her to be a gun and said, "don't nobody move." She testified that she eventually got down on the floor as though she was a victim of the robbery. The defendant stated

that she left the store during the robbery and crossed the road. Shortly thereafter, Weatherman drove his car beside her and said, "Bitch, get in the car. . . . Just shut your mouth." She got in the car. As he drove the car with the police following him, he "cursed" her. She pleaded with him to let her out of the car but he refused.

In order to have the court instruct the jury on the defense of duress or coercion, the defendant must present some credible evidence on every element of the defense. *State v. Henderson*, 64 N.C. App. 536, 540, 307 S.E.2d 846, 849 (1983) (citation omitted).

The testimony of the defendant only indicated that she did not in any way participate in the crime. She did not testify that Weatherman in some way forced her to participate in the robbery. We hold that there was not sufficient evidence to merit an instruction on duress.

New trial.

Judges ARNOLD and JOHNSON concur.