STATE OF NORTH CAROLINA v. CHRISTOPHER MATTHEW BROWN

No. COA06-396

(Filed 6 March 2007)

**1. Motor Vehicles— aggressive driving—duress—not applicable**

The refusal to instruct on the affirmative defense of duress in a prosecution for assault, reckless driving and other charges was not error where the case involved two teenagers, road rage, aggressive driving, and a fatal collision with a third car. Although defendant testified that he was panicked, frightened, and running from a driver behind him, the actions of the following driver (Clark) lacked the reasonable threat of imminent death or serious injury that would be necessary to excuse defendant's actions. Defendant controlled his vehicle: he could have avoided speeding or reckless driving and had multiple opportunities to pull over.

**2. Witnesses— accident reconstruction expert—testimony admissible**

The trial court did not abuse its discretion by admitting into evidence the testimony of an accident reconstruction expert in a prosecution for murder and assault arising from road rage and aggressive driving. The witness used reliable methods, was more qualified than the jury to assess whether the other driver was trying to avoid oncoming traffic, and his opinion was a reasonable inference from the evidence.

**3. Evidence— eyewitness to automobile accident—shorthand statement of fact**

There was no error in a prosecution for murder, assault, and other charges arising from an automobile collision in admitting a shorthand statement of fact from a witness.

Appeal by defendant from judgment entered 2 September 2005 by Judge Zoro J. Guice, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 8 January 2007.

*Roy Cooper, Attorney General, by Special Counsel Isaac T. Avery, III, for the State.*

*Belser & Parke, P.A., by David G. Belser, and Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant-appellant.*

MARTIN, Chief Judge.

Defendant appeals from a judgment entered upon his conviction by a jury of second degree murder, assault with a deadly weapon inflicting serious injury, willful speed competition, reckless driving and driving left of center. The trial court arrested judgment on the latter three charges and imposed a sentence of 157 months to 198 months for second degree murder and a concurrent sentence of 25 months to 39 months for assault with a deadly weapon inflicting serious injury. We find no error.

The State's evidence at trial tended to show that on 10 January 2003, defendant was traveling westbound on Highway 19/23 in a white Ford Ranger pick-up truck. Immediately past the intersection of 19/23 and Highway 151, defendant's truck pulled in front of a silver Ford Ranger truck driven by Nathan Clark ("Clark"). Neither defendant nor Clark knew each other before 10 January. Highway 19/23 becomes a two lane paved road running between Asheville and Canton with periodic half-mile passing lanes opening up in both directions. Both trucks moved into a passing lane as a car in front of them started to turn. Clark then tried to pass defendant on the right. Defendant merged back into the right lane despite the fact that Clark had pulled halfway beside defendant's truck. The two trucks approached a green Jeep just as a second passing lane opened up. Both trucks passed the Jeep. For a second time, Clark tried to pass defendant on the right. Defendant pulled in front of Clark and began driving down the middle of both lanes. Clark merged back into the passing lane and pulled along the side of defendant's truck. The two trucks proceeded close to one another and made contact. The passing lane ended and Clark's truck struck a 1996 Grand Marquis driven by Ed Mehaffey, and also occupied by a passenger, Margaret Hill. Defendant's car went off the right side of the road. Mehaffey was killed and Hill and Clark were seriously injured.

Joseph Stanley ("Stanley") testified that he saw both trucks heading westbound roughly a quarter of a mile before the accident. Stanley was driving eastbound with his window down. From the

trucks, he heard "a motor racing up back and forth" and "[m]ashing on the accelerator and letting up." He observed defendant making hand gestures and described the behavior of both trucks as "antagonizing racing." Houston Sullivan ("Sullivan") was traveling eastbound on Highway 19/23 directly behind Mehaffey. Immediately before the accident, Sullivan observed the two trucks traveling next to one another as the passing lane began to end. Sullivan opined that both trucks were exceeding the speed limit. Sullivan stated that Clark was ultimately forced into oncoming traffic. A paramedic with the Buncombe County EMS spoke with defendant shortly after the accident. Defendant indicated that he slowed his truck down as a reaction to Clark riding too close from behind. Clark then attempted to pass and defendant admitted that he sped up. The two trucks bumped into each other, and then the accident occurred.

Tom Brooks, certified as an expert in collision reconstruction, testified to the physical evidence and corroborated the consistency of the witnesses' statements. The two trucks struck one another multiple times in the seconds leading up to the collision. The vehicles were traveling approximately seventy miles per hour. Brooks expressed his opinion that Clark was attempting to avoid the eastbound traffic lane and defendant's actions were preventing him from doing so.

Defendant presented evidence tending to show he first pulled in front of Clark's silver truck near the intersection of Highway 12/23 and Highway 151. A car then pulled in front of defendant and forced him to brake suddenly. Defendant saw Clark waive an obscene hand gesture at him. Clark proceeded to follow defendant at a distance that was less than one-half of a car length. Clark continued to follow defendant as he passed a green Jeep. At this point, defendant testified he was panicking and that he was more scared than he had ever been. After passing the Jeep, defendant tried to move to the right lane and Clark continued closely behind. Defendant then decided to move back to the left lane and to turn onto Fairmont Road toward his grandparents' house. Clark then drove up alongside of defendant and hit an oncoming car. Defendant did not recall the two trucks striking one another before the accident.

[1] Defendant assigns error to the trial court's refusal to instruct the jury on the affirmative defense of duress for all charges. A trial court must give a requested instruction if it is a correct statement of the law and supported by the evidence. *Roberts v. Young*, 120 N.C. App. 720, 726, 464 S.E.2d 78, 83 (1995). "Any defense raised by the evidence is

deemed a substantial feature of the case and requires an instruction." *State v. Hudgins*, 167 N.C. App. 705, 708, 606 S.E.2d 443, 446 (2005) (citation omitted). For a particular defense to result in a required instruction, there must be substantial evidence of each element of the defense when viewing the evidence in a light most favorable to the defendant. *State v. Ferguson*, 140 N.C. App. 699, 706, 538 S.E.2d 217, 222 (2000). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)).

Defendant requested the following instruction:

There is evidence in this case tending to show that the defendant acted only because of [duress]. The burden of proving [duress] is upon the defendant. It need not be proved beyond a reasonable doubt, but only to your satisfaction. The defendant would not be guilty of this crime if his actions were caused by a reasonable fear that he (or another) would suffer immediate death or serious bodily injury if he did not commit the crime. His assertion of [duress] is a denial that he committed any crime. The burden remains on the State to prove the defendant's guilt beyond a reasonable doubt.

N.C.P.I. Crim. 310.10. The defense of duress is not applicable to defendant's second degree murder charge. *See State v. Smarr*, 146 N.C. App. 44, 54, 551 S.E.2d 881, 888 (2001). As to the remaining charges, a defendant would have to show that the duress was "present, imminent or impending" and that any reactionary action was taken based on a "well-grounded apprehension of death or serious bodily harm." *State v. Kearns*, 27 N.C. App. 354, 357, 219 S.E.2d 228, 230-31 (1975). Duress, however, "cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm." *Id.*, 219 S.E.2d at 231. There must be evidence supporting each element of duress for the trial court to instruct the jury on that defense. *Smarr*, 146 N.C. App. at 55, 551 S.E.2d at 888.

Relying on *State v. Borland*, 21 N.C. App. 559, 205 S.E.2d 340 (1974), defendant argues that he was entitled to an instruction on duress for each of the motor vehicle offenses for which he was convicted. In *Borland*, the defendant attempted to evade an unmarked car that, unbeknownst to him, was occupied by a deputy sheriff and a recent arrestee. *Id.* at 561-62, 205 S.E.2d at 342-43. An instruction on duress was deemed necessary based on evidence that the unmarked

car pulled up on defendant's bumper, flashed the high beams, honked the horn and fired off three rounds from a revolver. *Id.* at 561, 205 S.E.2d at 342. The court found defendant had "reasonable grounds to fear for his safety." *Id.* at 566, 205 S.E.2d at 345.

Even when considering the evidence in a light most favorable to the defendant, the record does not support a jury instruction on duress. First, the evidence does not show the existence of a situation which warranted in defendant a "well-grounded apprehension of death or serious bodily harm." *Kearns*, 27 N.C. App. at 357, 219 S.E.2d at 230-31. Here, defendant testified that he pulled in front of Clark's truck. In response, Clark used an obscene hand gesture, appeared upset and drove to within one-half of a car length of defendant's bumper. Defendant noticed that Clark was much bigger than he was. Clark continued down the road following closely and driving erratically. Clark's behavior lacked the reasonable threat of imminent death or serious injury that was present in *Borland* and that would be necessary to excuse defendant's actions. "Apprehension of loss of property, or of slight or remote personal injury, is no excuse." *Borland*, 21 N.C. App. at 564, 205 S.E.2d at 344 (citation omitted).

Second, defendant had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm. The evidence, considered in defendant's favor, shows that he had ample opportunity to either maintain a safe speed or to pull over off the highway. Upon realizing that Clark had not turned off the highway, defendant "lost all train of thought and just started running from him." The prosecutor questioned defendant about his speed on the fifty-five mile per hour road immediately before the accident.

Q: And prior to any point in time of this what Trooper Brooks calls as the area of impact, you were driving proper? You had not done anything illegal?

A: I went over the speed limit.

Q: Witnesses said you were going over seventy miles an hour at least. Is that fair to say?

A: I would say sixty-five to seventy.

Defendant controlled his own vehicle and could have avoided speeding or reckless driving. Furthermore, defendant had multiple opportunities to pull his truck over prior to the accident. Defendant could have turned left on Indian Branch Road, left on Chandler Heights

Road or right on Indian Branch Road. Defendant admitted that he would pull his truck over if he were put in the same situation a second time. Based on the evidence, the trial court was under no duty to charge the jury on duress.

[2] Defendant next contends that two statements admitted during trial were improper opinion testimony as to the intention of another person on a particular occasion. Defendant first challenges testimony of the State's accident reconstruction expert, Tom Brooks. Brooks was asked his opinion as to whether Clark "was trying to get out of the way of oncoming traffic" immediately before the accident. Defendant's objection was overruled. Brooks responded with a "yes" and indicated that his opinion was based on statements made by Clark as well as the physical evidence.

The trial court is given a wide latitude of discretion when determining the admissibility of expert testimony. *State v. Knox*, 78 N.C. App. 493, 495, 337 S.E.2d 154, 156 (1985). An expert may give an opinion, provided it will assist the trier of fact to understand the evidence or to determine a fact in issue. *State v. Purdie*, 93 N.C. App. 269, 275, 377 S.E.2d 789, 792 (1989). Expert opinion is inadmissible "if it is impossible for anyone, expert or nonexpert, to draw a particular inference from the evidence." *Id.* at 275, 377 S.E.2d at 792.

The trial court found Brooks to be qualified in the field of accident reconstruction. To arrive at his challenged opinion, Brooks employed methods that have been found to be reliable, such as a review of both the physical evidence and witness testimony. *See Purdie*, 93 N.C. App. at 276, 377 S.E.2d at 793. As an accident reconstruction expert, Brooks was more qualified than the trier of fact to assess whether Clark was trying to avoid oncoming traffic immediately before the accident. His opinion that Clark "was trying to get out of that traffic" is a reasonable inference drawn from the evidence and could reasonably be considered of assistance to the trier of fact. Defendant, therefore, has not shown that the trial court abused its discretion by admitting the evidence.

[3] In addition, defendant challenges a portion of Houston Sullivan's testimony as improper opinion evidence. Sullivan was asked what he meant in his statement to the highway patrol where it read "the lane merged into one lane" and "[t]he white truck was in the right lane forcing the other truck into oncoming traffic." Sullivan clarified his statement by stating that "[h]is [Clark's] lane was ending" and "he was trying to force his way back over, and he was forced to take the path

that he was on." Defendant did not object at trial, and we proceed under plain error review.

Before engaging in a plain error analysis, it must first be determined whether the trial court's action constituted error. *State v. Duff*, 171 N.C. App. 662, 669-70, 615 S.E.2d 373, 379 (2005) (citations omitted). "Opinion evidence is always admissible when the facts on which the opinion or conclusion is based cannot be so described that the jury will understand them sufficiently to be able to draw their own inferences." *State v. Workman*, 344 N.C. 482, 510, 476 S.E.2d 301, 316 (1996) (citations omitted). Such testimony is known as a shorthand statement of fact and has been upheld regardless of whether the statement appears to be an opinion. *See State v. Hunt*, 325 N.C. 187, 193, 381 S.E.2d 453, 457 (1989) (upholding witness testimony that the defendant reacted to certain incriminating remarks with "a long glance like [his co-conspirator] better shut up."). *See also State v. Dawson*, 278 N.C. 351, 357, 180 S.E.2d 140, 144 (1971) (upholding witness testimony that defendant "seemed to be joking" as a shorthand statement of fact). The admission of the statement at issue was not error, plain or otherwise.

No error.

Judges McCULLOUGH and LEVINSON concur.